UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GOLEMINE, INC. d/b/a THE RINK and ANTWAN THORBS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO.: 2:08-CV-145-PS ) |
| TOWN OF MERRILLVILLE, INDIANA, | ) ) |
| Defendants. | ) |

_____

**DEFENDANT TOWN OF MERRILLVILLE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**
_____

Defendant, by counsel, submits the following memorandum of law in support of its Motion to Dismiss.

**I.  Factual Background**

Plaintiff Golemine, Inc., an Indiana Corporation, operates a skating rink and gathering place known as "The Rink" at 7930 Whitcomb Street in the Town of Merrillville, Indiana. (Exhibit A: Plaintiffs' Complaint, ¶3; Exhibit B: Affidavit of Tim Brown, ¶3).  Plaintiff Antwan Thorbs is a principal officer of Golemine, Inc. (Exhibit A, ¶4).

In or around October 2007, Town of Merrillville officials became concerned about activities occurring at The Rink. (Exhibit B at ¶3).  Officers of the Merrillville Police Department reported an increase in the frequency and severity of problems at the site. (Exhibit B at ¶3; Exhibit C:  Affidavit of Cmdr. Lance Huish, ¶¶3-4).  Issues

included repeated noise complaints, fights, loitering, batteries, and an attack on an on-duty police officer. (Exhibit B at ¶4; Exhibit C at ¶¶4-6). Commander Lance Huish of the Town of Merrillville Police Department expressed his concerns about The Rink through correspondences in late 2007 and early 2008. (Exhibit C at ¶¶3, 7; Exhibit C-1: October 31, 2007 Letter from Commander Lance Huish; Exhibit C-2: February 20, 2008 Letter from Commander Lance Huish). In a February 20, 2008 letter, Commander Huish recommended that The Rink's business license should be revoked. (Exhibit C at ¶8; Exhibit C-2). Tim Brown passed on The Department's and the Town's concerns through a series of letters and meetings with representatives of The Rink. (Exhibit B at ¶¶5-7, 9; Exhibit B-1: Minutes of 3/7/2008 conference).

On March 7, 2008, Plaintiff Antwon Thorbs, Don Reiner, (owner and former operator of The Rink), then-Town Manager Tim Brown, and counsel for both parties met in a meeting with various other town representatives to address issues associated with operation of The Rink. (Exhibit B at ¶7). Based on his concerns about residents' repeated complaints and Plaintiffs' continued inability to satisfy the Town's concerns, Brown temporarily suspended The Rink's business license pursuant to Town of Merrillville Ordinances 9-62 and 9-63. (Exhibit B at ¶8). This revocation was only a temporary one, pending a final determination by the Town Council within the next sixty days. (Exhibit B at ¶8, Exhibit B-1).

The plaintiffs failed to appear before the Town Council for a final determination regarding the revocation of The Rink's license as requested. (Exhibit B at ¶11). Instead, Plaintiffs filed suit against the Town of Merrillville on or around May 5, 2008. (Id. at ¶11; Exhibit A). Plaintiffs allege, generally, that "The Town has violated the civil rights

2

of Golemine with regard to engaging in commerce and in its ability to make, enforce, and perform contracts" and that "the Town of Merrillville intended to violate Plaintiff, Thorbs' fundamental rights in order to shut his business down." (Exhibit A at ¶¶10, 18). Plaintiffs also reference 42 U.S.C. §§ 1981 and 1982 as well as the First and Fourth Amendments but do not specifically plead violations of these statutes. (Exhibit A at ¶1).

## II. Standard of Review

An objection that a federal court lacks subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be raised by a party, or by a court on its own initiative, at any stage in the litigation. Arbaugh v. Y & H Corporation, 546 U.S. 500, 506 (2006). When it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action. Id. Subject matter jurisdiction can neither be stipulated nor waived. Floyd v. Thompson, 227 F.3d 1029, 1035 (7th Cir. 2000).

When considering a motion to dismiss under 12(b)(1), the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir. 1993). The party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof. Krizan v. Apfel, 35 F.Supp.2d 672 (N.D. Ind. 1999) (citing Grafon Corp v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979)). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support her allegations with competent proof of jurisdictional facts. Shelton v. Ernst and Young, 143 F. Supp. 2d 982, 987 (N.D. Ill. 2001).

### III.  Argument

A.  This Court Lacks Subject-Matter Jurisdiction Over an Unripe Case.

Unless the contrary appears affirmatively from the record, it should be presumed that a federal court lacks jurisdiction.  Sprint Spectrum L.P. v. City of Carmel, 361 F.3d 998, 1002 (7th Cir. 2004).  It is well established that the existence of a case or controversy is a prerequisite for the exercise of federal judicial power under Article III of the United States Constitution.  Id.

One important element of the "case" or "controversy" requirement is satisfaction of the ripeness doctrine, which determines when a party may go to court.  Sprint Spectrum at 1002 (7th Cir. 2004).  An unripe case should be dismissed for lack of subject-matter jurisdiction.  Biddison v. City of Chicago, 921 F.2d 724, 726 (7th Cir. 1991).  An example of this doctrine's application can be found in this circuit's Biddison v. City of Chicago.  Id.  In Biddison, a Chicago resident brought a claim against the city under 42 U.S.C. § 1983, alleging that noise from airline operations resulted in an unconstitutional taking of his property.  The 7th Circuit Court of Appeals dismissed the claim for lack of jurisdiction, holding that,

> In suits for wrongful deprivation of property under 42 U.S.C. 1983, the same considerations that render a claim premature prevent accrual of a claim for limitations purposes, and *the claim does not accrue until the relevant government authorities have made a final decision on the fate of the property*.

Id. at 728.  [emphasis added].

Even more on point to the case at hand is Sprint Spectrum L.P. v. City of Carmel.  361 F.3d 998 (7th Cir. 2004).  In Sprint Spectrum, a wireless provider's placement of an antenna on a residential property prompted a neighbor to lodge a complaint.  Id. at 1000.  The City of Carmel's building commissioner issued a stop work order on the project and

4

revoked the permit.  Id.  The City's Board of Zoning Appeals subsequently upheld the neighbor's objection and instructed Sprint to seek subdivision plat approval and a special use permit.  Id.  Sprint filed suit against the city, alleging a violation of the Telecommunications Act.  Id.  As in Biddison, the Seventh Circuit Court of Appeals found Sprint's claims should be dismissed for lack of subject matter jurisdiction on the basis that the challenge to the Board of Zoning Appeals decision was not ripe until Sprint sought, and was denied, the requested special use permit.  Id. at 1004.

      B.  Plaintiff's Claims are Not Yet Ripe and Should Therefore be Dismissed.

While the Sprint Spectrum opinion is based partly on the explicit provisions of the Telecommunications Act, its logic that "Zoning authorities must be given an opportunity to arrive at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question before its owner has a ripe challenge" is equally applicable in the present context.  Id. at 1002.  In this case, Plaintiffs have taken Town Manager Tim Brown's temporary revocation and run to the nearest federal courthouse before getting a final decision on "The Rink's" business permit from the relevant decision-maker, the Merrillville Town Council.  By doing so, Plaintiffs have filed suit too soon.

As the parties invoking federal jurisdiction, Plaintiffs have the burden of proving facts supporting such jurisdiction.  Krizan v. Apfel, 35 F.Supp.2d 672 (N.D. Ind. 1999) (citing Grafon Corp v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979)).  Plaintiffs simply can not demonstrate the existence of a ripe claim.  At the March 7, 2008 meeting, Town Manager Tim Brown made it clear that the revocation was of a temporary nature and that a representative of The Rink should appear before the Town Council to receive a final

decision regarding The Rink's business license.  (Exhibit B at ¶8, Exhibit B-1).  Plaintiffs failed to do so and thus never received a final decision.

Ripeness is essentially a question of timing.  Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 538 (7th Cir. 2006).  The doctrine's basic rationale is to prevent the courts, through avoidance of premature adjudication, from "entangling themselves in abstract disagreements over administrative policies" before an administrative decision has been formalized.  Sprint Spectrum at 1002.  Had Plaintiffs appeared before the Town Council as requested, the Council would either have 1) reinstated The Rink's business license, thereby mooting the issue, or 2) approved a permanent revocation of the license.  Either way, such a hearing would have resulted in a final decision which, if violative of state or federal law, would create a ripe claim.  Because no final decision has yet been made, this court's determination of the matters in Plaintiffs' complaint would be contrary to the stated rationale of the ripeness doctrine.

## IV.  Conclusion

Because Plaintiffs' claims are not yet ripe, no case or controversy exists and this court therefore lacks subject matter jurisdiction.  Accordingly, Defendant Town of Merrillville respectfully requests this court grant its Rule 12(B)(1) motion and dismiss Plaintiffs' Complaint against it.

By:  /s/ Michelle L. Shirk
    Michelle L. Shirk, #27434-46
    Martin W. Kus, # 5377-46
    Attorneys for Defendants
    916 Lincolnway, P.O. Box 1816
    LaPorte, IN 46352-1816
    (219) 362-1577

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| GOLEMINE, INC. d/b/a THE RINK and ANTWAN THORBS,  ) ) ) | |
| Plaintiffs,   ) ) ) | |
| ) | CASE NO.: 2:08-CV-145-PS |
| ) TOWN OF MERRILLVILLE, INDIANA,  ) ) | |
| Defendants.   ) | |

**PROOF OF SERVICE**
_____

I hereby certify that on the 6th day of January, 2009, I electronically filed a complete copy of Defendant's Memorandum of Law In Support of Its Motion to Dismiss Plaintiffs' Complaint and this Proof of Service with the Clerk of the Court using the CM/ECT system and sent notification of such filing to the following:

**Darnail Lyles dl@darnailyles.com**

**NEWBY, LEWIS, KAMINSKI AND JONES, LLP**

BY:  /S/ Michelle L. Shirk
     Michelle L. Shirk, # 27343-46
     Martin W. Kus, # 5377-46

7